**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. 2:25-cr-163** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| v. | : | |
| | : | |
| **TREMAINE C. SUTTON,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter comes before this Court on Defendant Tremaine C. Sutton's Unopposed Motion to Continue Sentencing. (ECF No. 34). Sentencing is presently scheduled for October 16, 2026. (ECF No. 33). Defense counsel "requests this Continuance to assist in teaching at a training with the Summit County and Cuyahoga County public defender officers." (ECF No. 34 at 2). Defense counsel premises his request on the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iv). (*Id.* at 1).

If 18 U.S.C. § 3161(h)(7)—setting forth a criminal defendant's speedy trial rights—governed this request, it would appear that the Motion cannot succeed. A continuance under this statutory provision requires a finding "that the ends of justice served by [granting a continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). And defense counsel has not shown that the failure to grant a continuance "would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Fortunately for defense counsel, the Court need not make such a finding.

The Speedy Trial Act codifies and structures the Constitutional guarantee to "the *accused*" "the right to a speedy . . . *trial*." *Betterman v. Montana*, 578 U.S. 437, 443 (2016) (quoting U.S. Const. amend. VI). "The Act says nothing . . . about the period between conviction and sentencing, suggesting that Congress did not regard that period as falling within the Sixth Amendment's compass." *Id.* at 445. And while a criminal defendant certainly "retains an interest in a sentencing proceeding that is fundamentally fair" under a due process right, *id.* at 448, that is distinct and separate from a right to speedy sentencing. In short, this Court need not consider whether a continuance is proper under the Speedy Trial Act.

Rather, Federal Rule of Criminal Procedure 32 provides the applicable standard. It requires this Court to "impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1). Yet this Court also has discretion to delay sentencing for "good cause." Fed. R. Crim. P. 32(b)(2); *see United States v. Gooden*, 2022 WL 767153, at *2 (6th Cir. Mar. 14, 2022). Here, this Court finds that defense counsel has shown good cause for a modest continuance, particularly given that the Defendant "is on pretrial release conditions." (ECF No. 34 at 2).

Defense counsel has sought this continuance, the Government does not oppose, and a continuance under these circumstances would not violate Defendant's due process rights. *See generally United States v. Washington*, 2024 WL 3568924, at *9–10 (S.D. Ohio July 29, 2024) (evaluating due process violation from sentencing delay by considering the length of delay, reason for delay, defendant's assertion of rights, and prejudice). Rather, a modest continuance would protect Defendant's due process rights by ensuring that his counsel of record most familiar with the case is able to attend sentencing.

For good cause shown, the Motion is **GRANTED**. Sentencing now will take place on **December 18, 2026**, at **9:45 am**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 25, 2026**